# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Gary Clemon a/k/a Gary Clemons, | ) | Case No. 13 B 36963 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Latrice Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 13 A 01438 |
| | ) | |
| Gary Clemon a/k/a Gary Clemons, | ) | |
| | ) | |
| Defendant. | ) | Judge Jacqueline P. Cox |

**Memorandum Opinion on Plaintiff's Motion for Summary Judgment** (Dkt. No. 17)

## I. Jurisdiction

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(a) which provides that the district courts have original and exclusive jurisdiction al all cases under title 11. 28 U.S.C. § 157(a) allows the district courts to refer title 11 cases to the bankruptcy judges for their districts. The District Court for the Northern District of Illinois has promulgated Internal Operating Procedure 15(a), which refers its bankruptcy cases to this Court.

As provided for by 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter a final judgment on core proceedings arising in or under the Bankruptcy Code. Core proceedings include those concerning determinations as to the dischargeability of particular debts. 28 U.S.C. § 157(b)(2)(I).

## II. Facts and Background

On September 18, 2013, Debtor Gary Clemon a/k/a Gary Clemons ("Clemon") sought relief under Chapter 7 of the Bankruptcy Code ("Code"). On December 27, 2013, Plaintiff Latrice Davis ("Davis") filed adversary proceeding 13-01348 seeking a determination that a debt owed her is nondischargeable under Code section 523(a)(4) which excepts from discharge debts based on fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. 11 U.S.C. § 523(a)(4). The adversary complaint consists of 20 paragraphs; it makes one request for relief as to the entire state court judgment. It does not request relief in separate counts.

On May 1, 2008, Davis secured a judgment against Clemon in the Circuit Court of Cook County, Illinois based on his violations of the Chicago Residential Landlord and Tenant Ordinance ("CRLTO") of the Chicago Municipal Code. Davis filed the Motion for Summary Judgment ("Motion") now before the Court on March 25, 2013 asking that the entire state court judgment be held to be nondischargeable due to Clemon's violation of fiduciary duties owed her. In his Response to Davis' Motion, Clemon agrees with Davis that the judgment order entered against him is dispositive of whether the Motion for Summary Judgment should be granted. Clemon argues, however, that only $4,265.57 of the $10,807.77 penalty entered against him on Counts I, II, VII and VIII are related to his role as a fiduciary in mishandling Davis' security deposit funds. The Court can not discern how Davis reached the $4,265.57 figure. For the reason noted herein Plaintiff's Motion for Summary Judgment will be granted in part and denied in part.

## III. Chicago Residential Landlord and Tenant Ordinance

Sections 5-12-080(a),(b), (c) and (d) of the Chicago Municipal Code state:

(a)(1) A landlord shall hold all security deposits received by him in a federally insured interest-bearing account in a bank, savings and loan association or other financial institution located in the State of Illinois. A security deposit and interest due thereon shall continue to be the property of the tenant making such deposit, shall not be commingled with the assets of the landlord, and shall not be subject to the claims of any creditor of the landlord or the landlord's successors in interest, including a foreclosing mortgagee or trustee in bankruptcy.

(b)(1) Except as provided for in subsection (b)(2), any landlord who receives a security deposit from a tenant or prospective tenant shall give said tenant or prospective tenant at the time of receiving such security deposit a receipt indicating the amount of such security deposit, the name of the person receiving it and, in the case of the agent, the name of the landlord for whom such security deposit is received, the date on which it is received, and a description of the dwelling unit. The receipt shall be signed by the person receiving the security deposit. Failure to comply with this subsection shall entitle the tenant to immediate return of the security deposit.

(c) A landlord who holds a security deposit or prepaid rent pursuant to this section for more than six months shall pay interest to the tenant accruing from the beginning date of the rental term specified in the rental agreement at the rate determined in accordance with Section 5-12-081 for the year in which the rental agreement was entered into. The landlord shall, within 30 days after the end of each 12-month rental period, pay to the tenant any interest, by cash or credit to be applied to the rent due.

(d) The landlord shall, within 45 days after the date that the tenant vacates the dwelling unit or within seven days after the date that the tenant provides notice of termination of the rental agreement pursuant to Section 5-12-110(g), return to the tenant the security deposit or any balance thereof and the required interest thereon; provided, however, that the landlord , or successor landlord, may deduct from such security deposit or interest due thereon for the following:

>    1. Any unpaid rent which has not been validly withheld or deducted pursuant to state or federal law or local ordinance; and
>
>    2. A reasonable amount necessary to repair any damage caused to the premises by the tenant . . . .

**IV. Discharge of Debts for Breaches of a Fiduciary Duty**

In *In re Jahrling*, 2014 WL 1476758 *3, (Bankr. N.D. Ill. 2014), this Court noted that to secure a finding of nondischargeability under 11 U.S.C. § 523(a)(4) a plaintiff has to establish that the debtor acted as a fiduciary to the creditor when the debt was created and that the debt was caused by fraud or defalcation, citing *In re Berman*, 629 F. 3d 761, 766-67 (7th Cir. 2011). The Seventh Circuit Court of Appeals recognizes a fiduciary relationship as "a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." *In re Frain,* 230 F.3d 1014, 1017 (7th Cir. 2000).

Was Clemon Davis' fiduciary regarding all aspects of their landlord tenant relationship? Was he her fiduciary only in regard to how he handled her security deposit? The state court order does not include findings of fact, making it difficult for this Court to discern whether the nature and extent of the violations amount to the violation of a fiduciary duty owed to Davis. For that reason this Court can not rule that the entire state court award is nondischargeable. What was involved in the unauthorized access issue? Perhaps, the ascendancy of knowledge and power justify a finding that Clemon's conduct therein amounted to a violation of a fiduciary duty.

Clemon argues herein that summary judgment should not be awarded as to the entire judgment because it covers debts that may be nondischargeable as defalcations of fiduciary duties regarding security deposits as well as other debts that are not based on violations of fiduciary duties. His position is that the CRLTO provides that landlords owe tenants fiduciary duties regarding security deposits only, i.e., imposing fiduciary obligations to properly segregate the deposit from personal funds, to return the deposit and to pay interest thereon.

### V. The State Court Judgment

#### A. The General Award

The state court judgment awards Davis $21,925.00 for attorneys' fees, $216.20 for court costs and penalties in the amount of $10,807.77. Clemon argues that it can not be determined which part, if any, of the attorney fee award was incurred by Davis in her prosecution of the fiduciary duty claims against Clemon regarding her security deposit.

In *Cohen v. de la Cruz*, 523 U.S. 213, 215 (1998), the Supreme Court held in a landlord tenant dispute that the discharge exception for actual fraud prevented discharge of all liability arising from the debtor's fraud, including treble damages assessed on account of fraud under state law as well as an award of attorneys' fees and costs. This Court will follow that ruling. It means that Davis is entitled to attorneys' fees. However, she will have to prove at trial what portion of

the attorneys' fee award is attributable to fiduciary breaches. *See Colon v. Gallegos, (In re Gallegos)*1998 WL 787194 (Bankr. N.D. Ill. 1998) *7 where a Bankruptcy Court noted that with regard to an attorney fee award in a domestic relations case it was unable to ascertain from many of the entries whether all the services provided related to maintenance or support. Attorney fee awards for fees incurred in pursuing support obligations are nondischargeable. "Obligations that arise as part of the division of marital property, however, are dischargeable." *Gallegos,* at *4.

### B. Paragraph 1(a) of the Judgment

The state court at paragraph 1(a) separately awarded Davis $1,956.57 for Counts I, II, VII and VIII, combined. Those Counts of the Plaintiff's First Amended Verified Complaint at Law were for:

> Count I    -   Failure to Issue Proper Receipt For Security Deposit;
> Count II   -   Commingling The Security Deposit;
> Count VII  -   Failure to Properly Account For And Return The Security Deposit and
> Count VII  -   Failure to Pay Interest On the Security Deposit.

As noted above, Clemon agrees that this portion of the judgment is not dischargeable.

The $ 1,956.27 amount is not dischargeable as the debts related thereto are for Clemon's breaches of fiduciary duties owed to Davis. Summary Judgment will be entered in favor of Davis as to the $1,956.27 award in paragraph 1(a) of the state court judgment.

### C. Paragraph 1(b) of the Judgment

At paragraph 1(b) the judgment awards Davis $1,300 for Count III - Interruption of Occupancy. Clemon is alleged therein to have terminated hot water and electricity services to the leased premises in an attempt to oust Davis without authority of law, in violation of Section 5-12-160 of the CRLTO. That Section provides:

> It is unlawful for any landlord or any person acting at his direction knowingly to oust or dispossess or threaten or attempt to oust or dispossess any tenant from a dwelling unit without authority of law..by interfering with the services to said unit, including but not limited to electricity, gas,

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

hot or cold water, plumbing, heat or telephone service . . . .

The Motion for Summary Judgment is denied as to Count III; the nature and degree of Clemon's conduct has to be shown at trial to determine whether a fiduciary duty arose and whether such a duty has been violated. The fiduciary duty, as defined by the Ordinance, covers a landlord's handling of its tenant's security deposit. In *In re McGee,* 353 F.3d 537, 541 (7th Cir. 2003) the Court ruled that based on the CRLTO, the attributes of the landlord tenant relationship - "[s]egregation of funds, management by financial intermediaries, and recognition that the entity in control of the assets has at most 'bare' legal title to them, are hallmarks" of a trust and that those attributes brought "into play a fiduciary obligation and thus section 523(a)(4)." While extending the fiduciary duty to cover the interruption of vital services is appealing, this Court declines at this time to rule that a landlord's fiduciary obligations extend beyond those recognized by the Seventh Circuit in *McGee.*

### D. Paragraph 1(c) of the Judgment

At paragraph 1(c) the judgment awards Davis $1,300 for Count IV - Retaliatory Conduct. Clemon is alleged therein to have filed a forcible entry and detainer action against Davis after she engaged in protected conduct in violation of Chicago Municipal Code § 5-12-150 which states:

> It is declared to be against public policy of the City of Chicago for a landlord to take retaliatory action against a tenant . . . A landlord may not knowingly . . . decrease services, bring or threaten to bring a lawsuit against a tenant for possession . . . because the tenant has in good faith:
>
> \* \* \*
>
> (d)    Requested the landlord to make repairs to the Premises as required by a building code, health ordinance, other regulation, or the residential rental agreement; or
>
> \* \* \*
>
> (g)    Exercised any right or remedy provided by law.

The Ordinance's definition of a landlord's fiduciary duty does not specifically extend to retaliatory conduct. It condemns it and provides tenants a remedy for such:

> If the landlord acts in violation of this section, the tenant . . . is entitled to the following remedies: he shall . . . recover an amount equal to and not more than two months' rent or twice the damages sustained by him, whichever is greater, and reasonable attorney's fees . . . In an action by or against the tenant, if there is evidence of tenant conduct protected herein within one year prior to the alleged act of retaliation, that evidence shall create a rebuttable presumption that the landlord's conduct was retaliatory . . . .

Chicago Municipal Code § 5-12-150.

The Motion for Summary Judgment is denied as to Count IV. If at trial Davis establishes facts that show that the nature and degree of Clemon's conduct herein requires the imposition of a fiduciary duty and a violation of such, she may prevail. At this point this Court can not say that there is no material issue of fact in this regard.

### E.  Paragraph 1(d) of the Judgment

At paragraph 1(d) the judgment awards Davis $500 for Count V- Failure to Provide Essential Services. This Count alleges that Clemon terminated hot water and electricity services to the premises and failed to restore those services after Davis demanded restoration through her attorney. The Ordinance's definition of a landlord's fiduciary duty does not extend to failure to provide essential services. The Ordinance provides a remedy for that:

> If there is material noncompliance by the landlord with the rental agreement or with Section 5-12-070, either of which constituted an immediate danger to the health and safety of the tenant or if, contrary to the rental agreement or Section 5-12-070, the landlord fails to supply heat, running water, hot water, electricity, gas or plumbing, the tenant may give written notice to the landlord specifying the material noncompliance or failure. If hte landlord has, pursuant to this ordinance or in the rental agreement, informed the tenant of an address at which notices to the landlord are to be received, the tenant shall mail or deliver the written notice required in this section to such address. If the landlord has not informed the tenant of an address at which notices to the landlord are to be received, the written notice required in this section shall be delivered by mail to the last known address

of the landlord or by another reasonable means designed in good faith to provide written notice to the landlord. After such notice, the tenant may during the period of the landlord's noncompliance or failure:

> (1) Procure reasonable amounts of heat, running water, hot water, electricity, gas or plumbing service, as the case may be and upon presentation to the landlord of paid receipts deduct their cost from the rent; or
>
> (2) Recover damages based on the reduction in the fair rental value of the dwelling unit; or
>
> (3) Procure substitute housing, in which case the tenant is excused from paying rent for the period of the landlord's noncompliance. The tenant may recover the cost of the reasonable value of the substitute housing up to an amount equal to the monthly rent for each month or portion thereof of noncompliance as prorate.

Chicago Municipal Code § 5-12-110(f).

The Motion for Summary Judgment is denied as to Paragraph 1(d) of the Judgment. If at trial Davis can show that the nature and extent of Clemon's conduct warrants imposition of a fiduciary duty and violation of such, she can prevail.

### F. Paragraph 1(e) of the Judgment

At paragraph 1(e) the judgment awards Davis $500 for Count VI - Failure to Properly Account For And Return The Security Deposit. Clemon is alleged therein to have failed to timely return Davis' security deposit within 45 days of the date on which Davis vacated the premises and to have failed to deliver an itemized statement of damages.

The Ordinance's definition of a landlord's fiduciary duty to its tenant covers accounting for and returning security deposits. Subsection (a) of the CRLTO provides that security deposits and the interest due thereon belong to the tenant, that they shall not be commingled with the landlord's assets and are not subject to the claims of the landlord's creditors, successors any mortgagee or trustee in bankruptcy.

The Ordinance imposes on landlords duties to account for the security deposit - to give the

tenant a receipt when a security deposit is made (Section 5-12-080(b)) and to return it to a tenant within 45 days of when the tenant vacates the dwelling unit (Section 5-12-080(d)) relation. The Seventh Circuit recognized a fiduciary duty for this conduct. The $500 award to Davis made in paragraph 1(e) was based on the state court's ruling that Clemon failed to account for and return a security deposit. The Motion for Summary Judgment is granted in favor of Davis as to Count VI. Clemon's conduct therein amounts to a violation of a fiduciary duty. The $500 awarded therein is not dischargeable.

### G. Paragraph 1(f) of the Judgment

At paragraph 1(f) the judgment awards Davis $4550 for Count IX - Unauthorized Access. Clemon is alleged therein to have violated a requirement that a landlord give a tenant no less than two days notice of the landlord's intent to enter the dwelling unit. *See* Chicago Municipal Code § 5-12-050. The fiduciary duty recognized by the Seventh Circuit covers the handling and disposition of security deposits; it may not extend to this requirement. The CRLTO does provide a remedy for tenants whose landlords make improper entries:

> If the landlord makes an unlawful entry or a lawful entry in an unreasonable manner or makes repeated unreasonable demands for entry otherwise lawful, but which have the effect of harassing the tenant, the tenant may obtain injunctive relief to prevent the recurrence of the conduct, or terminate the rental agreement pursuant to the notice provisions of Section 5-12-110(a). In each case, the tenant may recover an amount equal to not more than one month's rent or twice the damage sustained by him, whichever is greater.

Chicago Municipal Code § 5-12-060.

If Davis shows at trial that Clemon's unauthorized access herein was of such a nature and degree that it justifies the imposition of a fiduciary duty and a finding that he violated it, she can prevail. The Motion for Summary Judgment is denied as to Count IX.

### H. Paragraph 1(g) of the Judgment

At paragraph 1(g) the judgment awards Davis $100 for Count X - Failure to Provide CRLTO Summary. The Chicago Municipal Code requires that a copy of a summary of the rights and obligations of landlords and tenants be attached to each written rental agreement when initially offered to any tenant. The summary is prepared by the commissioner of the department of housing. Davis alleges that Clemon did not provide her with the required summary. However, the fiduciary duty recognized by the Seventh Circuit covers the handling and disposition of security deposits, not the requirement that landlords give tenants the housing commissioner's summary. If at trial Davis shows that the nature and degree of Clemon's conduct in this regard justifies the imposition of a fiduciary duty and a finding that he violated it, she can prevail.

At paragraph 2(a) the judgment awards Davis $10,807.77 as penalties, although the penalties awarded in paragraphs 1(a) through 1(g) may total $10,422. At paragraph 2(b) the judgment again awards Davis $21,925 as attorneys fees. At paragraph 2(c) the judgment awards Davis $216.20 as court costs. These provisions repeat the judgment's opening paragraphs.

At paragraph 3 the judgment states that "Total aggregate judgment is entered in favor of Plaintiff Latrice Davis and against Defendant Gary Clemon in the amount of $32,948.97." *See* State Court Judgment, Exhibit B, Motion for Summary Judgment, 13-01438, Docket Number 19.

### VI. Conclusion

The Plaintiff's Motion for Summary Judgment is granted in part:

a. the $1,956.27 award is nondischargeable - ¶1(a);

b. the $500 award is nondischargeable - ¶1(e).

The Court notes that Davis asserts that $4,265.77 is nondischargeable.

The Plaintiff's Motion for Summary Judgment is denied as to the balance of the state court judgment.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order on the Motion for Summary Judgment will be entered.

Adversary Complaint 13-1438 is set for a Status Hearing on Tuesday, June 17, 2014 at 10:00 a.m. to set a trial date.

Dated: June 10, 2014                         ENTERED:

                                             _____
                                             J. P. Cox
                                             Jacqueline P. Cox
                                             United States Bankruptcy Judge